JOSEPH P. BRENT [Bar No.: 214459]
DAVID L. FIOL [Bar No. 203546], Of Counsel
THE BRENT FIRM
222 Kearny Street, Suite 650
San Francisco, California 94108
Telephone:   (415) 984-0415
Facsimile:   (415) 984-1988
Joe@thebrentfirm.com
DavidLeeFiol98@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY BITTON, MICHA BITTON AND SANDRA BITTON, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, SAN FRANCISCO POLICE DEPARTMENT CAPTAIN DAVID LAZAR, POLICE OFFICER BURKE (SFPD BADGE NO. 2240), POLICE OFFICER BRENT BRADFORD (SFPD BADGE NO. 4199), POLICE OFFICER NG (SFPD BADGE NO. 338), POLICE OFFICER DOWKY (SFPD BADGE NO. 799), POLICE OFFICER MARON (SFPD BADGE NO. 1929), POLICE OFFICER NEWBECK (SFPD BADGE NO. 1691), POLICE OFFICER PAPALE (SFPD BADGE NO. 642), POLICE OFFICER JONES (SFPD BADGE NO. 852), POLICE OFFICER GARDEN (SFPD BADGE NO. 404), POLICE OFFICER MCKINNEY (SFPD BADGE NO. 4), POLICE OFFICER LIBERTA (SFPD BADGE NO. 682), and DOES 1-100, <br><br> Defendants, | Case No.: <br><br> CV 08 5585 <br><br> COMPLAINT FOR DAMAGES <br> DEMAND FOR JURY TRIAL  MMC |

Plaintiffs JEFFREY BITTON, MICHA BITTON AND SANDRA BITTON, by and through their attorneys, THE BRENT FIRM, for their Complaint against Defendants, state as follows:

---

**COMPLAINT**

CASE NO.:

## I. INTRODUCTION

1. This action arises out of the clumsy, unreasonable and mistaken identification of plaintiff JEFFREY BITTON as a robbery suspect, which led to the consequent harassment, abuse, unlawful warrantless entry and beatings of JEFFREY BITTON and his two siblings, MICHA BITTON and SANDRA BITTON, by at least two dozen officers of the San Francisco Police Department.

2. Those officers approached and surrounded the Bittons' home based on the professed (but incorrect) belief that JEFFREY BITTON owned a car that was somehow associated with a previously-identified suspect in a robbery committed by three individuals, two of whom remained unidentified at the time the police first approached the Bitton home. In fact, JEFFREY BITTON did not own the car that was associated with the known robbery suspect and never owned that car.

3. Despite the attenuated connection between JEFFREY BITTON and the crime being investigated, despite telling the police that he would not permit them into the home without a warrant, despite the fact that there was no basis whatsoever to believe he or any of the plaintiffs were armed, despite the fact that the plaintiffs remained in their home peacefully for several hours without giving any indication of posing a risk to police or others, despite the plaintiffs have made several calls to police to communicate their position, the police surrounded the plaintiffs' home with at least 20 officers as well as tactical SWAT teams, who repeatedly demanded that plaintiffs allow them into the home "voluntarily."

4. The plaintiffs exercised their constitutional rights and refused entry to the police without a warrant. When plaintiffs peered out their windows, police officers projected the beams of their laser-guided gun sights onto their heads, terrorizing the plaintiffs. Plaintiff JEFFREY BITTON asked the police to leave him alone several times. Each time the police stated they wouldn't leave and were in the process of getting a warrant.

5. The officers never got a warrant, but that did not deter them. They grew tired of waiting for the plaintiffs to "voluntarily" allow them into their home, and decided to use force.

COMPLAINT

CASE NO.:

6. Defendants knocked the plaintiffs'' front door down and forced their way in, and threw a stun grenade at the unarmed plaintiffs who were sitting at the kitchen table with their hands over their heads. They tackled plaintiff JEFFREY BITTON and began beating and kicking him, and also immobilized and beat the other plaintiffs in violation of their federal and state constitutional rights.

7. The plaintiffs videotaped the unreasonable search and seizure and excessive force. When the police saw that they had been videotaped they seized the video disc, and have steadfastly refused to return that property, also in violation of plaintiffs' federal and state constitutional rights.

8. Ultimately, none of the plaintiffs was charged with any crime relating to the aforementioned robbery, or to the events during the siege of their home.

## JURISDICTION

9. Jurisdiction is based upon 28 U.S.C §§ 1331 and 1343, as this action is brought pursuant to 42 U.S.C. § 1983 and alleges violations of the rights granted by the United States Constitution.

## INTRADISTRIC ASSIGNMENT

10. This action should be assigned to the San Francisco Division because all of the events or omissions which give rise to the claims stated herein occurred in San Francisco County.

## PARTIES

11. Plaintiff JEFFREY BITTON was at all material times a resident of California.

12. Plaintiff MICAH BITTON was at all material times a resident of the City and County of San Francisco, State of California.

13. Plaintiff SANDRA BITTON was at all material times a resident of the City and County of San Francisco, State of California.

14. Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the San Francisco Police Department which employs other defendants in this action.

3

**COMPLAINT**

CASE NO.:

15. Defendants SAN FRANCISCO POLICE NIGHT CAPTAIN DAVID LAZAR, POLICE OFFICER BURKE (SAN FRANCISCO POLICE DEPARTMENT ("SFPD") BADGE NO. 2240), POLICE OFFICER BRENT BRADFORD (SFPD BADGE NO. 4199), POLICE OFFICER NG (SFPD BADGE NO. 338), POLICE OFFICER DOWKY (SFPD BADGE NO. 799), POLICE OFFICER MARON (SFPD BADGE NO. 1929), POLICE OFFICER NEWBECK (SFPD BADGE NO. 1691), POLICE OFFICER PAPALE (SFPD BADGE NO. 642), POLICE OFFICER JONES (SFPD BADGE NO. 852), POLICE OFFICER GARDEN (SFPD BADGE NO. 404, POLICE OFFICER MCKINNEY (SFPD BADGE NO. 4), AND POLICE OFFICER LIBERTA (SFPD BADGE NO.682), were and are at all material times employed as law enforcement officers by Defendant CITY AND COUNTY OF SAN FRANCISCO, and were acting within the course and scope of their employment.

16. The true names and capacities of Defendants sued herein as DOES 1-100 ("Doe defendants") are unknown to plaintiffs, who therefore sue said Defendants by such fictitious names, and plaintiffs will seek leave to amend their complaint to show their true names and capacities when the same are ascertained. At all material times, each Doe Defendant was an employee or agent of Defendant CITY AND COUNTY OF SAN FRANCISCO acting within the course and scope of that employment. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to plaintiffs.

17. Further, one or more Doe defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, and/or directly responsible for violations of plaintiffs' rights.

18. Each individual defendant (meaning non-municipal defendants) is sued in their individual and official capacities.

19. Plaintiffs are informed and believe, and based upon such information and belief allege, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things

4

COMPLAINT

CASE NO.:

herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

20. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of plaintiffs' Constitutional rights and other harm.

21. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

## II. COMMON ALLEGATIONS

### A. The Robbery

22. According to the police reports available to plaintiffs, on or before October 13, 2008, a man who will be referred to as Ron Doe agreed with his cousin's ex-wife, who will be referred to as Jane Doe, to pay two hundred dollars in exchange for her engaging in sexual relations. At roughly 7 p.m. on that date, while in Ron Doe's home, Jane Doe allowed two male accomplices, one white and one African American, into the home. These two unidentified men proceeded to rob Ron Doe.

23. According to a partial police report made available to the plaintiffs, the defendants apparently ran Jane Doe's information and learned that she possessed a driver's license that was associated with a particular motor vehicle that had a California license tag no. 5AZK508. The police claim that this vehicle had been previously owned by plaintiff JEFFREY BITTON. That was and is false. In any event, there was no evidence stated in the police report showing that Jane Doe used the vehicle with license tag no. 5AZK508 in the aforementioned crime.

24. For reasons that seem totally pretextual – the defendants had no information linking plaintiff JEFFREY BITTON to Jane Doe; they had no any evidence that the car they claim was formerly owned by JEFFREY BITTON was used in the robbery; and they had no evidence that implicated JEFFREY BITTON in the crime – the defendants decided to question plaintiff

5

JEFFREY BITTON about the robbery so they went to his house at 2168 17th Avenue, San Francisco, CA.

### B. The Standoff

25. All three plaintiffs were at their home at 2168 17th Avenue, San Francisco, City and County of San Francisco on the evening of October 13, 2008, when unknown individuals, who were not wearing police uniforms, began banging on their door demanding to be allowed inside.

26. Plaintiffs immediately called the 911 operator to report suspicious people outside their home who were attempting to gain entry. They were eventually advised that the individuals outside their home were police officers.

27. However, the plaintiffs were not advised that the officer had a warrant to enter their home, nor did those officers have such a warrant

28. Plaintiffs feared for their safety and refused entry to their home.

29. After being denied entry, officers called in back-up and surrounded the plaintiffs' home. One or two of the officers left and presented a photograph of plaintiff JEFFREY BITTON to Ron Doe. Based on a suggestive photograph line-up, Ron Doe incorrectly identified JEFFREY BITTON as one of the perpetrators of the crime.

30. The plaintiffs refused to allow the officers entry into the home. They behaved lawfully and have not been charged with any crime as a result of their activities on that evening.

31. Instead of obtaining a warrant, which they told the plaintiffs they were doing, the defendants continued their coercive efforts to gain consensual entry into the plaintiffs' home over the course of approximately four hours.

32. Defendants' initial reluctance to forcibly enter the plaintiffs' home demonstrated their own recognition that they had no reasonable and constitutionally valid basis for doing so without a warrant. They were not in fresh or hot pursuit of a suspect, nor did exigent circumstances justify a warrantless entry, and this became steadily more clear as the officers

waited at the home for several hours. In particular, any evidence that the plaintiffs might have wished to destroy would have been destroyed already.

33. At no time did the plaintiffs make any effort to leave the home. At no time did the plaintiffs display weapons of any kind. At no time did the plaintiffs engage in any act of violence toward the defendants. At no time did the plaintiffs give or display any indication that they intended to resist entry if presented with a valid warrant to enter their home.

34. Defendants, for their part, did their very best to terrorize the plaintiffs.

35. Defendants increased the number of police personnel outside the plaintiffs' home until approximately twenty police officers, including heavily-fortified tactical teams, with attendant police vehicles, weapons and equipment, were amassed and visible from inside the home. Several unidentified police officers directed the laser sights of their rifles onto the plaintiffs' heads.

36. Ultimately, their outrageous intimidation tactics having failed, and having tired of waiting, the defendants battered down the door of the plaintiff's residence despite having failed to obtain a warrant to enter the premises.

37. At the time that the defendants entered the premises, the plaintiffs were sitting at their kitchen table with their hands on their heads.

38. Notwithstanding plaintiffs' peaceful behavior, the defendants tossed a concussion/stun grenade to disable the plaintiffs, and thereafter began to beat and kick the plaintiffs, who remained immobile on the floor and offered no physical resistance.

39. Plaintiffs MICAH BITTON and SANDRA BITTON were never formally arrested.

40. Plaintiff JEFFREY BITTON was formally arrested and transported to the Taraval police station, where the alleged robbery victim stated that JEFFREY BITTON was not one of his assailants. Thereafter JEFFREY BITTON was released.

41. Having noticed that a video recorder was sitting on the kitchen counter in the plaintiffs' home and that it might have recorded their acts of brutality upon the plaintiffs, defendants seized a video disk that was loaded in that recorder based on the specious justification that it constituted evidence.

42. Although none of the plaintiffs have been charged with a crime, the defendants have refused plaintiffs' request that the video disk be returned.

43. Defendants detained and arrested plaintiffs without probable cause and used unreasonable, excessive, force against them, including but not limited to multiple blows causing physical injuries to their faces, ribs, backs, and other parts of their bodies.

44. At all material times, plaintiffs acted peacefully and lawfully, never threatened any person, and never interfered with any police officer.

45. The conduct herein alleged of defendants was perpetrated upon plaintiffs with intent, malice, and without provocation, or in the alternative was done in reckless disregard of plaintiffs' rights. Each and every use of force described herein was objectively unreasonable under the circumstances. Each defendant either personally detained and/or arrested plaintiffs without reasonable cause, used unreasonable and unnecessary force upon plaintiffs, or authorized, ratified, or contributed to such conduct.

46. The conduct herein alleged of defendants was perpetrated upon plaintiffs negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on plaintiffs. Each and every use of force described herein was objectively unreasonable under the circumstances. Each defendant either personally arrested plaintiffs without reasonable cause, used unreasonable and unnecessary force upon plaintiffs, or authorized, ratified, or contributed to such conduct.

47. On information and belief, defendants and other officers, including Doe Defendants 1 through 50, have given false statements, filed false police reports, improperly completed Use of Force reports, concealed material information, improperly investigated their matter, and have otherwise attempted to cover-up their and other officers' misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

48. Plaintiffs are informed and believe and thereon allege that the City and County of San Francisco and Doe Defendants 51 through 100 have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the City and County of San Francisco, and the rights of the

public committed by various City and County of San Francisco Police Department officers, including several of the named defendants and Doe Defendants 1 through 50.

49. Defendant City and County of San Francisco, and Doe Defendants 51 through 100, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers, and/or the defendant police officers and Doe Defendants 1 through 50, proximately caused injuries to plaintiffs.

50. Plaintiffs are informed and believe and thereon allege that at all times herein alleged it was the custom and policy of the City and County of San Francisco Police Department, and their members, to use excessive force against citizens, and to violate the rights of citizens. Their custom and policy is evidenced by the City and County of San Francisco Police Department's failure to train, supervise, discipline and/or investigate complaints and/or charges against City and County of San Francisco Police Department officers who had a known propensity for violence and excessive force and for violating the rights of citizens. The acts herein described were in keeping with said custom and policy of use of excessive force.

51. As a direct and proximate result of the acts and omissions of defendants, plaintiffs sustained damages, in an amount to be determined according to proof, including physical injuries to their faces, ears, backs, ribs, and other body parts, severe emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of income, loss of physical liberty, and the deprivation of their Constitutional rights to be free from unreasonable searches and seizures, and to be free from unreasonable and unnecessary uses of force, as guaranteed by the Fourth Amendment to the United States Constitution.

52. Plaintiffs have incurred and will continue to incur attorney's fees to vindicate their rights, and thus are entitled to reasonable attorneys' fees according to proof.

53. Plaintiffs allege on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving plaintiffs of their constitutional rights. The acts of the individual defendants, therefore, are such

that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

### FIRST CAUSE OF ACTION
### (Violations of Civil Rights, 42 U.S.C. § 1983)
### (Against All Defendants)

54. Plaintiffs hereby reallege paragraphs 1 through 53 of their complaint, as though set forth fully herein.

55. As a direct and proximate result of the named and Doe Defendants' acts and omissions, plaintiffs were deprived of their rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California.

56. Defendants subjected plaintiffs to Defendants' wrongful conduct, depriving plaintiffs of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of plaintiffs would be violated by their acts and/or omissions.

57. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, plaintiffs sustained injuries and damages as set forth above.

58. The conduct of individual defendants entitles plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983.

59. Plaintiffs also claim reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

### SECOND CAUSE OF ACTION
### (Violations of Civil Rights, 42 U.S.C. § 1983)
### (Against City and County of San Francisco, and Does 51-100)

60. Plaintiffs hereby reallege paragraphs 1 through 53 of their complaint, as though set forth fully herein.

61. Defendants City and County of San Francisco, and Doe Defendants 51-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual

Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens' and plaintiffs constitutional rights, which were thereby violated as described above. Defendant City and County of San Francisco, and Doe Defendants 51 through 100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants SAN FRANCISCO POLICE DEPARTMENT CAPTAIN DAVID LAZAR, POLICE OFFICER BURKE (SFPD BADGE NO. 2240), POLICE OFFICER BRENT BRADFORD (SFPD BADGE NO. 4199), POLICE OFFICER NG (SFPD BADGE NO. 338), POLICE OFFICER DOWKY (SFPD BADGE NO. 799), POLICE OFFICER MARON (SFPD BADGE NO. 1929), POLICE OFFICER NEWBECK (SFPD BADGE NO. 1691), POLICE OFFICER PAPALE (SFPD BADGE NO. 642), POLICE OFFICER JONES (SFPD BADGE NO. 852), POLICE OFFICER GARDEN (SFPD BADGE NO. 404), POLICE OFFICER MCKINNEY (SFPD BADGE NO. 4), POLICE OFFICER LIBERTA (SFPD BADGE NO. 682), and Does 1 through 50, with deliberate indifference to citizens' and plaintiffs constitutional rights, which were thereby violated as described above. The unconstitutional actions and/or omissions of the named Defendants and Does 1 through 50, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the City and County of San Francisco, including Doe Defendants 51 through 100.

  62. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants City and County of San Francisco, and Doe defendants 51 through 100 as described above, plaintiffs sustained serious, severe and permanent injuries as described above.

  WHEREFORE, plaintiffs pray for judgment as follows:

1) For general damages, including to compensate them for emotional distress, pain and suffering, according to proof at the time of trial,
2) For special damages, including loss of earnings, according to proof at the time of trial;
3) For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;

11

4) For costs of suit and reasonable attorneys' fees; and,

5) For such other and further relief and damages as the Court may deem just and proper.

Dated: December 14, 2008

Respectfully submitted,
THE BRENT FIRM

By: Joseph P. Brent
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs JEFFREY BITTON, MICHA BITTON AND SANDRA BITTON hereby demand a jury trial in this matter.

Dated: December 14, 2008

Respectfully submitted,
THE BRENT FIRM

By: Joseph P. Brent, Attorneys for Plaintiffs

COMPLAINT

CASE NO.: