DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:      (415) 554-3837
E-Mail:          sean.connolly@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BITTON, MICHA BITTON AND SANDRA BITTON, | Case No. C08-5585 MMC |
| Plaintiffs, | |
| vs. | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL LAW ENFORCEMENT RECORDS** |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal entity, SAN FRANCISCO POLICE DEPARTMENT CAPTAIN DAVID LAZAR, POLICE OFFICER BERKE (SFPD BADGE NO. 2240), POLICE OFFICER BRENT BRADFORD (SFPD BADGE NO. 4199), POLICE OFFIER NG (SFPD BADGE NO. 338),POLICE OFFICER DOWKY (SFPD BADGE NO. 799), POLICE OFFICER MARON (SFPD BADGE NO. 1929), POLICE OFFICER NEWBECK (SFPD BADGE NO. 1691), POLICE OFFICER PAPALE (SFPD BADGE NO. 642), POLICE OFFICER JONES (SFPD BADGE NO. 852), POLICE OFFICER GARDEN (SFPD BADGE NO. 404), POLICE OFFICER MCKINNEY (SFPD BADGE NO. 4), POLICE OFFICER LIBERTA (SFPD BADGE NO. 682), and DOES 1-100, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing official information privileged materials, criminal investigation materials and any other such documents that defendants in good faith have determined to be confidential.  Defendants shall attempt to stamp "Confidential" on all such documents prior to production.  In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.  Further, to the extent that CONFIDENTIAL INFORMATION has been produced, this PROTECTIVE ORDER shall encompass all documents previously produced in any disclosure required by FRCP Rule 26.

2. All documents, including, but not limited to, audiotapes, videotapes, photographs, transcripts, etc., related to the criminal investigation incidental to the event forming the basis of this lawsuit shall be deemed CONFIDENTIAL INFORMATION, within the meaning of this stipulation.

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court.  The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made. Further, this PROTECTIVE ORDER covers any and all information about any

third-parties contained in any such document produced pursuant to this Order, but the City may require in its discretion whether production of such information must be further ordered by this Court. To the extent that the City withholds such information about third-parties, it shall produce a privilege log specifically identifying the information and the basis for it being withheld.

5. Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of section 12, below. All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

6. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

    a. Plaintiff's Counsel;

    b. Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall file and serve that document upon its execution; however, Plaintiff's counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

7. Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a court order, subject to the following:

Protective Order
CASE NO. C08-5585 JS
3
N:\LIT\LI2010\090798\00604106.DOC

      a.    For purposes of evaluating the settlement value or potential jury verdict, counsel for Plaintiff may discuss the general nature of the CONFIDENTIAL INFORMATION with plaintiffs without disclosing any identifying details about a specific witness or any documents.

      b.    Plaintiff's counsel may review with a plaintiff any statement or interview given by the person or attributed to him or her.

8.    Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).  The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

9.    In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

10.    If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use its best

efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

11. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

12. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, etc.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation. On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

13. Should plaintiffs or plaintiffs' counsel fail to comply with this PROTECTIVE ORDER, plaintiffs and plaintiffs' counsel shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court. Plaintiff and plaintiff's counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

1      IT IS SO STIPULATED.

2  Dated:  December 7, 2009

3
                DENNIS J. HERRERA
                City Attorney
4                 JOANNE HOEPER
                Chief Trial Deputy
5                 SEAN F. CONNOLLY
                Deputy City Attorney
6

7
                By:_____/s/_____
8                    SEAN F. CONNOLLY

9                 Attorneys for Defendant
                CITY AND COUNTY OF SAN FRANCISCO
10

11 Dated:  December 7, 2009

12                 Law offices of Brent and Fiol, LLP

13

14                 By:_____/s/_____
                   JOSEPH BRENT
15                 Attorneys for plaintiffs

16                 Pursuant to General Order 45, §X.B., the filer of this
                document attests that he has received the concurrence of
17                 this signatory to file this document.

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE
ORDER FOR CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

1. I will not disclose any document designated "Confidential" or "Highly Confidential Information – Attorney's Eyes Only" to any other person.

2. I understand that I have no power to authorize any other person to review any document designated "Confidential" or "Highly Confidential Information – Attorney's Eyes Only."

3. I agree not to make copies of any document designated "Confidential" or "Highly Confidential Information – Attorney's Eyes Only."

4. I agree to return all documents designated "Confidential" and "Highly Confidential Information – Attorney's Eyes Only" to the counsel for the party that produced them, at or before the conclusion of this litigation.

AGREED:

_____
DATE

_____
SIGNATURE

_____
PRINT NAME

## **ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED. Additionally, any document containing or discussing Confidential Information will not be filed under seal, unless the submitting party obtains leave of court with respect to such filing, pursuant to Civil Local Rule 79-5.

Dated: January 15, 2010

_____
THE HONORABLE MAXINE CHESNEY
UNITED STATES DISTRICT JUDGE